IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,150






EX PARTE WILLIAM TRYON, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM ECTOR COUNTY






 Per Curiam.


O P I N I O N 




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3, et seq.. Applicant was convicted
of the felony offense of possession of a controlled substance, and punishment was assessed
at eight years' confinement. His direct appeal was dismissed for want of jurisdiction.

 Applicant contends, inter alia, that he was denied his right to appeal. The trial court
has entered findings of fact which indicate that applicant should be granted an out-of-time
appeal. We agree. According to the findings of fact, applicant was convicted on August 18,
2004, and requested the appointment of appellate counsel on August 19, 2004. The deadline
for filing a notice of appeal in his case was September 17, 2004. Appellate counsel was
appointed on September 1, 2004, but through a clerical error was not informed of the
appointment until October 13, 2004, almost a month after the filing deadline. The Eleventh
Court of Appeals dismissed applicant's appeal on October 28, 2004, for want of jurisdiction. 
The trial court also found that applicant intended to appeal this conviction, and that he took
what he believed to be the steps necessary to do so. However, through no fault of his own, 
applicant was denied the assistance of counsel on appeal. 

 Habeas corpus relief is granted, and applicant is granted an out-of-time appeal from
his conviction in cause number B-31,294 from the 161st District Court of Ector County. The
proper remedy in a case such as this is to return applicant to the point at which he can give
notice of appeal. For purposes of the Texas Rules of Appellate Procedure, all time limits
shall be calculated as if the conviction had been entered on the day that the mandate of this
Court issues. We hold that applicant, should he desire to prosecute an appeal, must take
affirmative steps to see that notice of appeal is given within thirty days after the mandate of
this Court has issued.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469
(Tex. Crim. App. 1997).

DO NOT PUBLISH

DELIVERED: April 13, 2005